IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABEL VILLEGAS BALDASSO, <br> (a/k/a ABEL VILLEGAS BALDASO), <br> (Former TDCJ-CID #710929) <br><br> Petitioner, <br><br> vs. <br><br> WILLIAM STEPHENS, <br><br> Respondent. | § § § § § § § § § § § § | <br><br><br><br><br><br> CIVIL ACTION NO. H-14-1082 |

## MEMORANDUM ON DISMISSAL

Petitioner, Abel Villegas Baldasso, seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a 1993 conviction in the 185th Judicial District Court of Harris County, Texas.

Having considered the record and applicable authorities, the court determines that this case should be dismissed for lack of jurisdiction. The reasons for this ruling are stated below.

**I.     Background**

On October 11, 1993, Baldasso pleaded guilty to the offense of theft in Cause Number 676808 in the 185th Judicial District Court of Harris County, Texas. The judge deferred a finding of guilt in accordance with the plea bargain, and placed Baldasso on 5 years community supervision. The court subsequently adjudicated Baldasso's guilt on March 28, 1995, and Baldasso was sentenced to two years in the Texas Department of Criminal Justice - Institutional Division. Melanie Blanding represented Baldasso at the time of his plea to deferred adjudication.

On-line research reveals that Baldasso filed a state application challenging this conviction. The state habeas court found:

> 7. Although the applicant alleges that he "stands" to be deported, he fails to provide any documentation regarding his status in the country and the existence or possibility of deportation proceedings; therefore, he fails to prove by a preponderance that he is confined or facing collateral consequences as a result of the primary case.
>
> 8. Although the applicant alleges he was provided with no immigration advice, at the time of the applicant's plea, the Texas Code of Criminal Procedure required an admonishment regarding the consequences of a plea on immigration status. Tex. Code Crim. Proc. Art. 26.13(4).
>
> 9. In a habeas corpus proceeding, there is a presumption of regularity concerning guilty pleas, which the applicant fails to overcome. *Mitschke v. State*, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004); *Wilson v. State,* 716 S.W.2d 953, 956 (Tex. Crim. App. 1986).
>
> 10. The written admonishments in the primary case demonstrate that the applicant was made aware of possible adverse immigration consequences.
> . . .
> 15. The applicant was admonished that he may be deported as a result of his plea.
>
> 16. The applicant does not allege or prove that his attorney provided *incorrect* immigration advice.
>
> 17. The court finds that the applicant's plea was knowingly and voluntarily made.

*See* http://www.hcdistrictclerk.com/eDocs/Public/Search.aspx.

The Texas Court of Criminal Appeals denied the application without written order on findings of the trial court, without a hearing on April 17, 2013. (Docket Entry No. 1, Federal Petition, Ex. B, p. 1).

On April 18, 2014, Baldasso filed the instant federal petition with the assistance of counsel. Baldasso complains that counsel rendered ineffective assistance. At the time Baldasso entered his plea, he was not fully advised of the consequences of his plea with regard to his immigration status.

After entering the plea, Baldasso was in constant fear of proceedings being implemented to deport, exclude and/or remove Baldasso from the United States. Baldasso claims that he had been constructively deported by the ineffective assistance of counsel provided by Melanie Blanding. Baldasso states that Melanie Blanding was such a menace that the State Bar of Texas will not allow Ms. Blanding to engage in the practice of law. (Docket Entry No. 1, Federal Petition, p. 2).

## II. Analysis

As noted, Baldasso has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Under 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 2254(a), a person must be "in custody" before he can seek federal habeas relief. To be eligible for federal habeas corpus relief, a petitioner must be "in custody" and must have exhausted his available state court remedies. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). The United States Supreme Court has interpreted this statutory language to require that the habeas petitioner be "in custody" for the conviction or sentence under attack at the time the petition is filed. *Lackawanna Cnty. Dist. Attorney v. Coss*, 121 S. Ct. 1567, 1572 (2001). A habeas petitioner is not "in custody" when his sentence has expired for the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)). Whether a petitioner is "in custody" is determined as of the date on which the habeas petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Baldasso filed the instant federal petition on April 17, 2014. At that time, Baldasso was not in custody on the charges in Cause Number 676808, the case on which he bases this petition. From the court's online research, it does not appear that Baldasso is currently in either state or federal custody.

The court finds Baldasso's claims relating to his theft conviction should be dismissed for lack

of jurisdiction. A federal court may consider a writ of habeas corpus only "on behalf of a person in custody . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner satisfies the "in custody" requirement when the challenged conviction has not fully expired at the time he files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). A petitioner is not "in custody" for a particular conviction when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." *Id.* Baldasso is no longer in custody on his 1993 theft conviction. The court has learned through telephone inquiry that his two-year sentence was discharged on February 27, 1997.

The court finds that Baldasso has not met the "in-custody" requirements of 28 U.S.C. § 2254(a) or § 2241(c)(3). Because Baldasso has not satisfied the "in custody" requirement, this court has no jurisdiction to consider his claims.

### III. Conclusion

Baldasso's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction. All remaining pending motions are denied as moot.

SIGNED at Houston, Texas, on _____, 2014.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE